Dr. Arthur L. Mallory Commissioner, Department of Elementary and Secondary Education Jefferson State Office Building Jefferson City, Missouri 65101
Dear Dr. Mallory:
This opinion is in response to your question asking whether the funds which are in the School for the Blind Trust Fund may be used to finance a multi-handicapped facility which we understand is to be an addition to the School for the Blind and which will serve approximately one hundred blind youngsters who have additional handicapping conditions. We are informed that "about 60% of the children served in this new program will be blind with additional handicapping conditions" and that the "additional children will be sighted but will have other multiple handicaps."
We also understand that the new facility will be a part of the total program at the Missouri School for the Blind in St. Louis; that the staff members will be responsible to the superintendent at the School for the Blind; and that certain common facilities will be shared by all students and staff. We are further advised that the new facility is being constructed on a part of the present site immediately contiguous to the existing school building.
We assume that the multi-handicapped children to which you refer come within the definition of "severely handicapped children" as defined herein.
The present section respecting the "School for the Blind Trust Fund" is Section 162.790, RSMo Supp. 1975. Such section provides in full:
 "1. All funds derived from grants, gifts, donations or bequests or from the sale or conveyance of any property acquired through any grant, gift, donation, devise or bequest to or for the use of the Missouri school for the blind or income received or earned on property so acquired, at the discretion of the state board of education, may be deposited in the state treasury and credited to a special fund known as the `School for the Blind Trust Fund', which is hereby created, or may be invested or reinvested by the state board of education for the Missouri school for the blind in bonds, stocks, deeds of trust or other investment securities in the amounts and in the proportions that the state board of education prudently selects.
 "2. All funds derived from grants, gifts, donations or bequests or from the sale or conveyance of any property acquired through any grant, gift, donation, devise or bequest to or for the use of the Missouri school for the deaf or income received or earned on property so acquired, at the discretion of the state board of education, may be deposited in the state treasury and credited to a special fund known as the `School for the Deaf Trust Fund', which is hereby created, or may be invested or reinvested by the state board of education for the Missouri school for the deaf in bonds, stocks, deeds of trusts or other investment securities in the amounts and in the proportions that the state board of education prudently selects.
 "3. All funds derived from grants, gifts, donations or bequests or from the sale or conveyance of any property acquired through any grant, gift, donation, devise or bequest to or for the use of the state schools for severely handicapped children or income received or earned on property so acquired, at the discretion of the state board of education, may be deposited in the state treasury and credited to a special fund known as the `Handicapped Children's Trust Fund', which is hereby created, or may be invested or reinvested by the state board of education for the respective schools in bonds, stocks, deeds of trust or other investment securities in the amounts and in the proportions that the state board of education prudently selects.
 "4. The moneys in the school for the blind trust fund, in the school for the deaf trust fund or in the handicapped children's trust fund shall not be appropriated for the support of the schools in lieu of general state revenues but shall be appropriated only for the purpose of carrying out the objects for which the grant, gift, donation, devise or bequest was made.
 "5. The state board of education shall make an annual report in writing to the governor, commissioner of administration and the general assembly, on or before the first day of February of each year in which the general assembly convenes in regular session, of all moneys in the trust funds referred to herein and of all moneys administered by it pursuant to this section. The report shall include the amount of all receipts and disbursements, the name of the depositary and investment officer, a description of the securities or other investments being administered, and the plans and projects contemplated by the state board of education for use of the moneys."
Subsections 1 and 4 of Section 162.790 clearly provide that the moneys in the "School for the Blind Trust Fund" are funds that are held in trust for the School for the Blind. Assuming that such gifts are not made for a specified use, such funds may be used for the School for the Blind. In this respect we call your attention to our Opinion No. 63, dated April 30, 1968, to Howard, in which this office stated:
 ". . . that money in the School for the Blind Trust Fund derived from conveyances to the fund which do not specify any purpose for which the funds may be used can be appropriated and expended by the Board of Education for the purchase of land and construction of buildings for the School for the Blind if request for funds from general revenue for such purchase has resulted in an appropriation from general revenue less than the Board has requested as necessary for such purchase and that such expenditures are for the normal operation of the School for the Blind."
Section 162.730, RSMo Supp. 1975, provides:
 "1. The state board of education shall establish schools or programs in this state sufficient to provide special educational services for all severely handicapped children not residing in special school districts or in other school districts providing approved special educational services for severely handicapped children which schools or programs shall be referred to herein as `state schools for severely handicapped children'.
 "2. The Missouri school for the blind at St. Louis and the Missouri school for the deaf at Fulton are within the division of special services of the department of education. The state board of education shall govern these schools.
"3. The state board of education
 (1) Shall determine the type and kind of instruction to be offered and the number and qualifications of instructors and other necessary personnel in the state schools for severely handicapped children, the school for the blind and the school for the deaf; provided, however, that the course of study of these schools shall be of a character to develop the mental, physical, vocational and social abilities of the pupils and to prepare those students capable of advancing for admission to postsecondary programs;
 (2) Shall promulgate all rules and regulations governing enrollment, including that of assigning children to the most appropriate school or programs; and
 (3) Shall determine and approve all policies for the operation of said schools or programs."
Section 162.735, RSMo Supp. 1975, provides:
 "The state department of education may assign severely handicapped children, except severely handicapped children residing in special school districts and in districts providing approved special educational services for severely handicapped children, to state schools for severely handicapped children, the school for the blind or the school for the deaf. Furthermore, the state board of education may contract for the education of a severely handicapped child with another public agency or with a private agency when the state department of education determines that such an arrangement would be in the best interests of the severely handicapped child. Assignment of severely handicapped children under this section shall be made to a particular school or program which, in the judgment of the state department of education, can best provide special educational services, and such assignment shall be made upon the basis of competent evaluations; provided, however, the assignment may be appealed by a parent or guardian pursuant to sections 162.945 to 162.965. Children who are not residents of this state may be admitted to these schools if the schools have the capacity to receive them and upon payment of full tuition and costs as prescribed by the state board of education."
The Omnibus State Reorganization Act of 1974, subsection 4 of Section 5 provides that the transfer of the Missouri School for the Blind to the Department of Elementary and Secondary Education is a type I transfer.
Subsection (3) of Section 162.675, as amended by House Bill 130, 79th General Assembly, First Regular Session, effective September 28, 1977, defines "severely handicapped children":
 "`Severely handicapped children', handicapped children under the age of twenty-one years, who, because of the extent of the handicapping condition or conditions, as determined by competent professional evaluation, are unable to benefit from or meaningfully participate in programs in the public schools for handicapped children. The term `severely handicapped' is not confined to a separate and specific category but pertains to the degree of disability which permeates a variety of handicapping conditions and education programs;"
It is our view that the above-quoted sections give the Department of Elementary and Secondary Education the authority to assign severely handicapped children to such schools, including the School for the Blind, as the Department deems necessary.
Since we have concluded that gifts of a general nature which do not contain any specific qualifications are made to the School for the Blind and since we have concluded that severely handicapped children as defined by law may be assigned to the School for the Blind, there is no legal prohibition for the use of such School for the Blind Trust Funds for the financing of a facility which is a part of the School for the Blind even though such a facility may serve children who are sighted but who are nevertheless considered to be severely handicapped.
CONCLUSION
It is the opinion of this office that School for the Blind Trust Funds may be used to finance a school for the blind facility which will serve children who are sighted but who are severely handicapped as well as children who are blind.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 63, 4/30/68, Howard